Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Jeffrey | Andrew | LaVigne |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number (if known) 26-21277

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

1.3, 8.1

# Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.***

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☒ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☒ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | ☒ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☒ Not Incuded |

**Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims**

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:* ☒ 36 months ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $475.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date):* | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
| | ______ per week | |

**§ 2.2 Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): ______

**§ 2.3 Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ______, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

______

**§ 2.4 Additional Payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5 [Intentionally omitted.]**

**§ 2.6 Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

## Part 3: Treatment of Secured Claims

**§ 3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2 Request for valuation of security and modification of certain undersecured claims.**

☒ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**§ 3.3 Secured claims to be paid in full.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4 Lien avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5 Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6 Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of 9 %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4: Treatment of Fees and Priority Claims

**§ 4.1 General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3 Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 5,800.00 . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 287.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,300.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,300.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4 Priority claims other than attorney's fees.**

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| - | | | | |

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| - | Georgia Department of Revenue | $2,000.00 |
| - | Internal Revenue Service | $23,000.00 |

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $___________ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) ______% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| + | Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|---|
| - | Progress Residential c/o Canon, LLC | Residential Lease | $9,000.00 | $150.00 |
| - | UHaul Storage | Storage Lease | $0.00 | $0.00 |

## Part 7: Vesting of Property of the Estate

**§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

## Part 8: Nonstandard Plan Provisions

**§ 8.1 Check "None" or list Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

Unsecured claims to be paid concurrent with attorney's fees.

## Part 9: Signatures

**§ 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

Jeffrey LaVigne

✘ /s/ Jeffrey Andrew LaVigne
Signature of debtor 1 executed on 10 / 19 / 2026
MM / DD / YYYY

Address City, State, ZIP code

✘
Signature of debtor 2 executed on
MM / DD / YYYY

Address City, State, ZIP code

✘ /s/ Shani A. Reid
Signature of attorney for debtor(s)

Date: 10 / 19 / 2026
MM / DD / YYYY

Shani Reid Law Group, LLC
Firm

5353 Fairington Rd., Suite C, Lithonia, GA 30058
Address City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
5X8QI-VZ6X9-RDW8D-I8QAX

DOCUMENT COMPLETED BY ALL PARTIES ON
23 OCT 2026 19:40:28 UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **JEFFREY LAVIGNE**<br>EMAIL | SENT<br>23 OCT 2026 19:36:52<br>VIEWED<br>23 OCT 2026 19:39:26<br>SIGNED<br>23 OCT 2026 19:40:28 | <br>IP ADDRESS<br>16.56.19.22 |

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
23 OCT 2026 19:39:26

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 26-21277-JRS |
| JEFFREY ANDREW LAVIGNE, | * | |
| | * | |
| | * | CHAPTER 13 |
| | * | |
| DEBTOR | * | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury:
That I am more than 18 years of age, and that on this day, I served a copy of the within Debtor's Pre-Confirmation Plan Modification by depositing a copy of same in U.S. Mail with sufficient postage affixed thereon to ensure delivery or by the Court's Electronic Case Filing (ECF) mail system to:

This the 23rd day of October, 2026.

___/s/________________
Shani Reid, GA Bar No 076131
Attorney for Debtor
Shani Reid Law Group, LLC
5353 Fairington Road
Suite C
Lithonia, GA 30038

Jeffrey Andrew LaVigne
2930 Centerglen Lane
Cumming, GA 30040

Nancy J. Whaley – via ECF Mail
Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

All creditors on the attached Matrix.

**26-21277-jrs** Jeffrey Andrew LaVigne
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** James R. Sacca
**Date filed:** 08/06/2026 **Date of last filing:** 10/22/2026

# Creditors

| | |
|---|---|
| **Affirm, Inc.**<br>Attn: Bankruptcy<br>650 California St, Fl 12<br>San Francisco, CA 94108 | (26038972)<br>(cr) |
| **Austin Capital Bank**<br>Attn: Bankruptcy Dept<br>8100 Shoal Creek Blvd, Ste 100<br>Austin, TX 78757 | (26038973)<br>(cr) |
| **Capital One**<br>AttN: Bankruptcy<br>Po Box 30285<br>Salt Lake City, UT 84130 | (26038974)<br>(cr) |
| **Cerulean**<br>PO Box 6812<br>Carol Stream, IL 60197 | (26038975)<br>(cr) |
| **Comenity Bank/Buckle**<br>Attn: Bankruptcy<br>P.O.Box 182273<br>Columbus, OH 43218 | (26038976)<br>(cr) |
| **Comenity Capital/famous**<br>Attn: Bankruptcy<br>Po Box 183003<br>Columbus, OH 43218 | (26038977)<br>(cr) |
| **Comenity/Burlington CC**<br>Comenity Bank, Bankruptcy Department<br>Po Box 182125<br>Columbus, OH 43218 | (26038978)<br>(cr) |
| **Continental Finance Co**<br>Attn: Bankruptcy<br>Po.Box 3220<br>Buffalo, NY 12420 | (26038979)<br>(cr) |
| **Continental Finance Company**<br>Attn: Bankruptcy<br>4550 New Linden Hill Rd<br>Wilmington, DE 19808 | (26038980)<br>(cr) |

| | |
|---|---|
| **Credit One Bank**<br>Attn: Bankruptcy Department<br>6801 Cimarron Rd<br>Las Vegas, NV 89113 | (26038981)<br>(cr) |
| **Cws/cw Nexus**<br>Attn: Bankruptcy<br>Po Box 9201<br>Old Bethpage, NY 11804 | (26038982)<br>(cr) |
| **Edc/esusu/progress Res**<br>32 6th Avenue<br>New York, NY 10013 | (26038983)<br>(cr) |
| **Edc/self-renttrack**<br>Po Box 11<br>Southlake, TX 76092 | (26038984)<br>(cr) |
| **Fineday Funds**<br>PO Box 457<br>Keshena, WI 54135 | (26038985)<br>(cr) |
| **First Nataional Bank/Legacy**<br>Attn: Bankruptcy<br>Po Box 5097<br>Sioux Falls, SD 57117 | (26038986)<br>(cr) |
| **First National Bank**<br>Attn: Bankruptcy<br>Po Box 5097<br>Sioux Falls, SD 57117 | (26038987)<br>(cr) |
| **Fst Premier**<br>Attn: Bankruptcy<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104 | (26038988)<br>(cr) |
| **Genesis FS Card Services**<br>Attn: Bankruptcy<br>Po Box 4477<br>Beaverton, OR 97076 | (26038989)<br>(cr) |
| **Georgia Department of Revenue**<br>Compliance Division<br>ARCS-Bankruptcy<br>1800 Century Blvd, N.E. Ste 9100<br>Atlanta, GA 30345 | (26038990)<br>(cr) |
| **Georgia Department of Revenue**<br>Bankruptcy<br>2595 Century Pkwy NE Ste 339<br>Atlanta, GA 30345 | (26046282)<br>(cr) |
| **Indigo Credit Card**<br>P.O. Box 4499<br>Beaverton, OR 97076 | (26038991)<br>(cr) |

| | |
|---|---|
| **Internal Revenue Service**<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (26038992)<br>(cr) |
| **Merrick Bank**<br>PO Box 660702<br>Dallas, TX 75266 | (26038993)<br>(cr) |
| **MERRICK BANK**<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | (26101558)<br>(cr) |
| **Mission Lane Tab Bank**<br>Po Box 105286<br>Atlanta, GA 30348 | (26038994)<br>(cr) |
| **Ollo Card**<br>Attn: Bankruptcy<br>PO Box 9222<br>Old Bethpage, NY 11804 | (26038995)<br>(cr) |
| **Plusfinance/cws**<br>Attn: Bankruptcy<br>P.O.Box 9203<br>Old Bethpage, NY 11804 | (26038996)<br>(cr) |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC**<br>POB 41067<br>Norfolk, VA 23541 | (26163643)<br>(cr) |
| **Progress Residential**<br>7500 N. Dobson Road<br>Suite 300<br>Scottsdale, AZ 85256 | (26041533)<br>(cr) |
| **Progress Residential Brorrower 1, LLC**<br>c/o Canon LLC<br>PO Box 31236<br>Salt Lake City, UT 84131 | (26038997)<br>(cr) |
| **Quantum3 Group LLC as agent for**<br>Concora Credit Inc.<br>PO Box 788<br>Kirkland, WA 98083-0788 | (26111783)<br>(cr) |
| **Regional Acceptance Company**<br>Attn: Bankruptcy<br>1424 E. Firetower Road<br>Greenville, NC 27858 | (26038998)<br>(cr) |
| **RentReporters**<br>Attn: Bankruptcy<br>24 Corporate Plaza Drive, Suite 180<br>Newport Beach, CA 92660 | (26038999)<br>(cr) |
| **Sparrow Fncl**<br>Sparrow, Attn: Bankruptcy | (26039000)<br>(cr) |

| | |
|---|---|
| 9450 Sw Gemini Dr. #87446<br>Beaverton, OR 97008 | |
| **Syncb/Old Navy**<br>Attn: Bankruptcy<br>Po Box 96506<br>Orlando, FL 32896 | (26039001)<br>(cr) |
| **Taz Visa**<br>PO Box 2876<br>Omaha, NE 68103-2876 | (26039002)<br>(cr) |
| **Telecom Self-reported**<br>Po Box 4500<br>Allen, TX 75013 | (26039003)<br>(cr) |
| **UHaul Storage**<br>4680 Browns Bridge Rd.<br>Cumming, GA 30041 | (26039004)<br>(cr) |
| **United States Attorney**<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 | (26040944)<br>(cr) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 10/23/2026 16:30:52 | | | |
| **PACER Login:** | reidlaw53 | **Client Code:** | |
| **Description:** | Creditor List | **Search Criteria:** | 26-21277-jrs Creditor Type: All |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |