**Fill in this information to identify your case:**

| | First Name | Middle Name | Last Name |
|---|---|---|---|
| Debtor 1 | Jeffrey | Andrew | LaVigne |
| Debtor 2 (Spouse, if filing) | | | |

United States Bankruptcy Court for the Northern District of Georgia

Case number (if known) 26-21277

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

2.1, 4.3, 6.1

# Chapter 13 Plan

**NOTE:** **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. ***Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.***

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☒ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☐ Included | ☒ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8** | ☒ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☒ Not Incuded |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1 Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:* ☒ 36 months ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay $800.00 per month for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| **Beginning on** *(insert date):* | **The Regular Payment amount will change to** *(insert amount)*: | **For the following reason** *(insert reason for change)*: |
|---|---|---|
| | ________ per week | |

**§ 2.2 Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☒ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): ____________________

**§ 2.3 Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years ____________________ , the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

____________________

**§ 2.4 Additional Payments.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5 [Intentionally omitted.]**

**§ 2.6 Disbursement of funds by trustee to holders of allowed claims.**

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

## Part 3: Treatment of Secured Claims

**§ 3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

▣ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2 Request for valuation of security and modification of certain undersecured claims.**

▣ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**§ 3.3 Secured claims to be paid in full.**

*Check one.*

▣ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**§ 3.4 Lien avoidance.**

*Check one.*

▣ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**§ 3.5 Surrender of collateral.**

*Check one.*

▣ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**§ 3.6 Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of 9 %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Part 4: Treatment of Fees and Priority Claims

**§ 4.1 General.**

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

**§ 4.2 Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case.

**§ 4.3 Attorney's fees.**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ 5,800.00 . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a).

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ 536.00 per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ 2,300.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ 2,300.00 , not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4 Priority claims other than attorney's fees.**

☒ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all postpetition domestic support obligations directly to the holder of the claim.

| + | Name and address of creditor: | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| - | | | | |

☒ The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| + | Name and address of creditor: | Estimated amount of claim |
|---|---|---|
| - | Georgia Department of Revenue | $2,000.00 |
| - | Internal Revenue Service | $23,000.00 |

## Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $____________ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _______% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☒ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3 Other separately classified nonpriority unsecured claims.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☒ **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| + | Name of creditor | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|---|
| - | Progress Residential c/o Canon, LLC | Residential Lease | $9,000.00 | $200.00 |
| - | UHaul Storage | Storage Lease | $0.00 | $0.00 |

## Part 7: Vesting of Property of the Estate

**§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

## Part 8: Nonstandard Plan Provisions

**§ 8.1 Check "None" or list Nonstandard Plan Provisions.**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

Unsecured claims to be paid concurrent with attorney's fees.

## Part 9: Signatures

**§ 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).**

*The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.*

Jeffrey LaVigne

✘ /s/ Jeffrey Andrew LaVigne

Signature of debtor 1 executed on 11 / 04 / 2026
MM / DD / YYYY

✘

Signature of debtor 2 executed on
MM / DD / YYYY

Address City, State, ZIP code

Address City, State, ZIP code

✘ /s/ Shani A. Reid

Signature of attorney for debtor(s)

Date: 11 / 04 / 2026
MM / DD / YYYY

Shani Reid Law Group, LLC
Firm

5353 Fairington Rd., Suite C, Lithonia, GA 30058
Address City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
M9BZ7-YYGFF-CVKXX-OFXFZ

DOCUMENT COMPLETED BY ALL PARTIES ON
04 NOV 2026 23:42:23
UTC

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **JEFFREY LAVIGNE**<br>EMAIL | SENT<br>04 NOV 2026 20:03:39<br>VIEWED<br>04 NOV 2026 23:40:13<br>SIGNED<br>04 NOV 2026 23:42:23 | <br>IP ADDRESS<br>16.56.22.144 |

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
04 NOV 2026 23:40:13

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 26-21277-JRS |
| JEFFREY ANDREW LAVIGNE, | * | |
| | * | |
| | * | CHAPTER 13 |
| | * | |
| DEBTOR | * | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies under penalty of perjury:
That I am more than 18 years of age, and that on this day, I served a copy of the within Debtor's Pre-Confirmation Plan Modification by depositing a copy of same in U.S. Mail with sufficient postage affixed thereon to ensure delivery or by the Court's Electronic Case Filing (ECF) mail system to:

This the 5th day of November, 2026.

___/s/_________________
Shani Reid, GA Bar No 076131
Attorney for Debtor
Shani Reid Law Group, LLC
5353 Fairington Road
Suite C
Lithonia, GA 30038

Jeffrey Andrew LaVigne
2930 Centerglen Lane
Cumming, GA 30040

Nancy J. Whaley – via ECF Mail
Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303

All creditors on the attached Matrix.

Label Matrix for local noticing
113E-2
Case 26-21277-jrs
Northern District of Georgia
Gainesville
Thu Nov 5 11:42:49 EST 2026

Affirm, Inc.
Attn: Bankruptcy
650 California St, Fl 12
San Francisco, CA 94108-2716

(p)AUSTIN CAPITAL BANK
ATTN DENAE REEVES
8100 SHOAL CREEK BLVD
SUITE 100
AUSTIN TX 78757-8041

Capital One
AttN: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

(p)CONTINENTAL FINANCE COMPANY
PO BOX 3220
BUFFALO NY 14240-3220

Comenity Bank/Buckle
Attn: Bankruptcy
P.O.Box 182273
Columbus, OH 43218-2273

Comenity Capital/famous
Attn: Bankruptcy
Po Box 183003
Columbus, OH 43218-3003

Comenity/Burlington CC
Comenity Bank, Bankruptcy Department
Po Box 182125
Columbus, OH 43218-2125

Credit One Bank
Attn: Bankruptcy Department
6801 Cimarron Rd
Las Vegas, NV 89113-2273

Cws/cw Nexus
Attn: Bankruptcy
Po Box 9201
Old Bethpage, NY 11804-9001

Edc/esusu/progress Res
32 6th Avenue
New York, NY 10013-2473

(p)SELF INC
PO BOX 11
SOUTHLAKE TX 76092-0011

(p)EAGLE LENDING LLC DBA FINEDAY FUNDS
PO BOX 457
KESHENA WI 54135-0457

(p)FIRST NATIONAL BANK
ATTN BANKRUPTCY
1500 S HIGHLINE AVE
SIOUX FALLS SD 57110-1003

Fst Premier
Attn: Bankruptcy
601 S Minnesota Ave
Sioux Falls, SD 57104-4824

Genesis FS Card Services
Attn: Bankruptcy
Po Box 4477
Beaverton, OR 97076-4401

(p)GEORGIA DEPARTMENT OF REVENUE
BANKRUPTCY
2595 CENTURY PKWY NE SUITE 339
ATLANTA GA 30345-3173

Indigo Credit Card
P.O. Box 4499
Beaverton, OR 97076-4499

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Jeffrey Andrew LaVigne
2930 Centerglen Lane
Cumming, GA 30040-0726

MERRICK BANK
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Merrick Bank
PO Box 660702
Dallas, TX 75266-0702

(p)MISSION LANE LLC
PO BOX 105286
ATLANTA GA 30348-5286

Thomas M. Nicely
Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120
303 Peachtree Center Ave.
Atlanta, GA 30303-1286

Ollo Card
Attn: Bankruptcy
PO Box 9222
Old Bethpage, NY 11804-9222

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Plusfinance/cws
Attn: Bankruptcy
P.O.Box 9203
Old Bethpage, NY 11804-9003

Progress Residential
7500 N. Dobson Road
Suite 300
Scottsdale, AZ 85256-2727

Progress Residential Borrower 1, LLC
The Totten Firm
5579 Chamblee-Dunwoody Rd, Ste B-136
Atlanta, GA 30338-4154

Progress Residential Brorrower 1, LLC
c/o Canon LLC
PO Box 31236
Salt Lake City, UT 84131-0236

Quantum3 Group LLC as agent for
Concora Credit Inc.
PO Box 788
Kirkland, WA 98083-0788

Regional Acceptance Company
Attn: Bankruptcy
1424 E. Firetower Road
Greenville, NC 27858-4105

Shani Reid
Shani Reid Law Group, LLC
5353 Fairington Rd
Suite C
Lithonia, GA 30038-1164

(p)RENTREPORTERS
24 CORPORATE PLAZA
SUITE #180
NEWPORT BEACH CA 92660-7989

(p)SPARROW FINANCIAL
9450 SW GEMINI DR
#87446
BEAVERTON OR 97008-7105

Syncb/Old Navy
Attn: Bankruptcy
Po Box 96506
Orlando, FL 32896-0001

Telecom Self-reported
Po Box 4500
Allen, TX 75013-1311

Matthew Franklin Totten
The Totten Firm, LLC
5579 Chamblee Dunwoody Rd
Ste B-136
Atlanta, GA 30338-4154

UHaul Storage
4680 Browns Bridge Rd.
Cumming, GA 30041-4747

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

Nancy J. Whaley
Standing Chapter 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303-1286

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Austin Capital Bank
Attn: Bankruptcy Dept
8100 Shoal Creek Blvd, Ste 100
Austin, TX 78757

Cerulean
PO Box 6812
Carol Stream, IL 60197

(d)Continental Finance Co
Attn: Bankruptcy
Po.Box 3220
Buffalo, NY 12420

(d)Continental Finance Company
Attn: Bankruptcy
4550 New Linden Hill Rd
Wilmington, DE 19808

Edc/self-renttrack
Po Box 11
Southlake, TX 76092

Fineday Funds
PO Box 457
Keshena, WI 54135

First Nataional Bank/Legacy
Attn: Bankruptcy
Po Box 5097
Sioux Falls, SD 57117

(d)First National Bank
Attn: Bankruptcy
Po Box 5097
Sioux Falls, SD 57117

Georgia Department of Revenue
Bankruptcy
2595 Century Pkwy NE Ste 339
Atlanta, GA 30345

(d)Georgia Department of Revenue
Compliance Division
ARCS-Bankruptcy
1800 Century Blvd, N.E. Ste 9100
Atlanta, GA 30345

Mission Lane Tab Bank
Po Box 105286
Atlanta, GA 30348

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541

RentReporters
Attn: Bankruptcy
24 Corporate Plaza Drive, Suite 180
Newport Beach, CA 92660

Sparrow Fncl
Sparrow, Attn: Bankruptcy
9450 Sw Gemini Dr. #87446
Beaverton, OR 97008

(d)Taz Visa
PO Box 2876
Omaha, NE 68103-2876

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 40 |
| Bypassed recipients | 0 |
| Total | 40 |